IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ERRON D. BOONE,

      Petitioner,

vs.

NEBRASKA DEPARTMENT OF
CORRECTIONAL SERVICES;
TECUMSEH STATE
CORRECTIONAL INSTITUTION;

      Respondent.

**8:25CV712**

**MEMORANDUM AND ORDER**

This matter is before the court on preliminary review of Petitioner Erron D. Boone's Petition for Writ of Habeas Corpus, Filing 1, brought pursuant to 28 U.S.C. § 2254. The petition is now before the Court for preliminary review.

As stated in the petition, Boone pleaded no contest on charges of attempted first degree sexual assault in two criminal cases that were consolidated for plea and sentencing. On May 31,2023, he was sentenced to 12 to 16 years of imprisonment on each count, the sentences to be served consecutively. He appealed. The appeal was denied on November 16, 2023, with the mandate entered on December 19, 2023.

Boone filed a motion for post-conviction relief on January 6, 2025. The motion was denied as time-barred on January 9, 2025. He filed a petition for further review, which was denied on March 13, 2025. Boone appealed, and the appeal was dismissed for lack of jurisdiction on April 24. 2025. The mandate was entered on May 30, 2025.

Boone's petition for federal habeas review was filed on December 12, 2025.

It appears from the face of the petition for federal habeas relief, and the state court records of the underlying criminal proceeding, that Petitioner's claims may be barred by procedural default, the statute of limitations, 28 U.S.C. § 2244(d)(1)(A), or both. Upon review of the petition, the Court finds Petitioner is not relying on "actual innocence" to excuse any procedural bar. To ensure a just and fair resolution of this matter, the Court will enter an order progressing this case to final resolution.

Accordingly,

IT IS ORDERED:

1. By May 18, 2026, Respondent must file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: May 18, 2026: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

2. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner except that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. If the designation of state court

records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. If Respondent elects not to file a reply brief, she should inform the Court by filing a notice stating that she will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (See the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.

3. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A. By May 18, 2026, Respondent must file all state court records that are relevant to the cognizable claims. See, e.g., Rule 5(c)-(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court except that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. If the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

4

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. If Respondent elects not to file a reply brief, she should inform the Court by filing a notice stating that she will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: June 17, 2026: check for Respondent's answer and separate brief.

4. No discovery shall be undertaken without leave of the Court. See Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.

Dated this 6th day of April, 2026.

BY THE COURT:

s/ *Cheryl R. Zwart*
United States Magistrate Judge